JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA ADMIRALTY COMPANY,<br><br>                                  Plaintiff,<br><br>      v.<br><br>AARON SEAGER, ET AL.,<br><br>                                 Defendants. | Case No. 2:22-cv-1007-AB (MARx)<br><br>ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

**I.**

**FACTUAL BACKGROUND**

On December 29, 2021, Plaintiff Marina Admiralty Company ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against defendants Aaron Seager ("Defendant") and Does 1–10. ECF Docket No. ("Dkt.") 1 at 1, 5–8. Plaintiff appears to assert that the defendants have failed to vacate the property after being served a notice to quit and now seeks costs and damages. Id.

On February 14, 2022, Defendant filed a Notice of Removal, invoking the Court's federal question jurisdiction. Id. at 1–3. Defendant also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Dkt. 3.

///
///
///

## II.

## DISCUSSION

### A. APPLICABLE LAW

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

### B. ANALYSIS

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Dkt. 1 at 1–2. Section 1441 ("section 1441") provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. See 28 U.S.C. § 1441(a). Section 1331 ("section 1331") provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that this Court does not have federal question jurisdiction over the instant matter under section 1331. First, there is no federal question apparent from the

1  Notice of Removal or attached exhibits; the underlying Complaint appears to allege
2  only a simple unlawful detainer cause of action.  See Wescom Credit Union v. Dudley,
3  No. CV 10-8203-GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010)
4  ("An unlawful detainer action does not arise under federal law.") (citation omitted);
5  IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337-PA (DTBx),
6  2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court
7  for lack of subject matter jurisdiction where plaintiff's complaint contained only an
8  unlawful detainer claim).
9       Second, there is no merit to Defendant's contention that federal question
10 jurisdiction exists based on the Protecting Tenants at Foreclosure Act of 2009
11 ("PTFA").  Dkt. 1 at 2.  The PTFA does not create a private right of action; rather, it
12 provides a defense to state law unlawful detainer actions.  See Logan v. U.S. Bank
13 Nat'l. Ass'n, 722 F.3d 1163, 1166 (9th Cir. 2013) (affirming dismissal of the complaint
14 because the PTFA "does not create a private right of action allowing [plaintiff] to
15 enforce its requirements"); see 12 U.S.C. § 5220.  It is well settled that a "case may not
16 be removed to federal court on the basis of a federal defense . . . even if the defense is
17 anticipated in the plaintiff's complaint, and even if both parties concede that the
18 federal defense is the only question truly at issue."  Caterpillar Inc. v. Williams,
19 482 U.S. 386, 393 (1987).  Thus, to the extent Defendant's defenses to the unlawful
20 detainer action are based on alleged violations of federal law, those defenses do not
21 provide a basis for federal question jurisdiction.  See id.  Because Plaintiff's complaint
22 does not present a federal question, either on its face or as artfully pled, the Court
23 lacks jurisdiction under section 1441.
24 ///
25 ///
26 ///
27 ///
28 ///

## III.
## **CONCLUSION**

Accordingly, **IT IS ORDERED** that this case is **REMANDED** to the Superior Court of California, County of Los Angeles, forthwith.

**IT IS FURTHER ORDERED** that Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  February 24, 2022

_____
HONORABLE ANDRÉ BIROTTE JR.
United States District Court Judge